UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD L. DOOMS, and BRENDA C. DOOMS,<br><br>Plaintiffs,<br><br>v.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., AURORA LOAN SERVICES, LLC,<br><br>Defendants. | CASE NO. C11-5419RJB<br><br>ORDER ON AMENDED VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs' Amended Verified Motion for Temporary Restraining Order. Dkt. 17. The Court has considered the relevant documents and the remainder of the file herein.

### I. FACTS

Plaintiffs, acting *pro se*, filed this case which involves a note and deed of trust related to real property located in Pierce County, Washington, and a trustee's sale. *Id.* Plaintiffs' motion

for leave to amend their complaint was granted on August 4, 2011. Dkt. 30. Plaintiffs' Amended Verified Complaint names as defendants Cal-Western Reconveyance Corporation of Washington ("Cal-Western"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Aurora Loan Services LLC ("Aurora"). Dkt. 32. Plaintiffs' allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, and the Washington Deed of Trust Act ("DTA"), RCW 61.24. *Id.* The amended complaint seeks a declaratory judgment, damages, injunctive relief, costs and attorneys' fees. *Id.*

According to the attachments to the Amended Verified Complaint, on or about July 12, 2006, Plaintiffs, "Borrowers," executed a Note and a Deed of Trust, (also called "Security Instrument" in the Deed of Trust) in favor of the "Lender," BNC Mortgage, Inc., for the purchase of residential property. Dkt. 32-1, at 7 and 32-2, at 40. The Deed of Trust names MERS as the "Beneficiary" under the instrument. Dkt. 32-1, at 7. First American Title Insurance Co. was named as "Trustee." Dkt. 32-1, at 8. Under the heading "Transfer of Rights in the Property," the Deed of Trust provides:

> The beneficiary of this Security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of the Borrowers, covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [] property.

Dkt. 32-1, at 10. The Deed of Trust further provides that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by the Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee of lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property; and to take any action

required of the Lender, including, but not limited to, releasing and canceling this Security Instrument.

Dkt. 32-1, at 9. The Deed of Trust also states that the Note can be sold. Dkt. 32-1, at 18. The Deed of Trust provides that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects periodic payments due under the Note and this Security Instrument and performs other servicing loan obligations under the Note, this Security Instrument and applicable law." Dkt. 32-1, at 18.

The Amended Verified Complaint includes additional attachments, including an "Appointment of Successor Trustee," dated June 30, 2010, where MERS appoints Cal-Western as Trustee under the Deed of Trust (Dkt. 32-1, at 40-41), a "Corporate Assignment of Deed of Trust," dated July 16, 2010, where MERS assigns its beneficial interest in the Deed of Trust and Note to Aurora (Dkt. 32-1, at 35), and a "Corporate Assignment of Deed of Trust," dated September 14, 2010 (purported to be "effective date of 7/1/2010"), where MERS grants "the full benefit of all the powers and of all the covenants and provisions" in the Deed of Trust, together with its beneficial interest in the Deed of Trust to Aurora (Dkt. 32-1, at 38).

A "Notice of Default," was sent to Plaintiffs from Cal-Western. Dkt. 32-1, at 24. The Notice of Default is dated January 26, 2011, and indicates that Plaintiffs were over $30,000 behind in their payments at that time. Dkt. 32-1, at 27. The Notice of Default indicates that Aurora is the owner of the Note and the loan servicer. Dkt. 32-1, at 25. On March 3, 2011, Plaintiffs allege that they received a Notice of Trustee's Sale from Cal-Western, setting the sale date for June 10, 2011. Dkt. 32-2, at 3.

This case was filed June 1, 2011. Dkt 1. On June 3, 2011, Plaintiffs filed a "Verified Motion for Temporary Retraining [sic] Order (TRO) Emergency/ Ex Parte" (Dkt. 4) and "Verified Motion for Preliminary Injunction" (Dkt. 5), requesting that the Court prohibit Cal-

Western from conducting the trustee sale scheduled for June 10, 2011. Plaintiffs filed a Certificate of Service stating that Cal-Western had been served with a copy of the complaint, the motion for a temporary restraining order, and the motion for preliminary injunction. Dkt. 8. Plaintiffs' motions were denied because Plaintiffs failed to make the required showing for the relief sought. Dkt. 9.

On July 18, 2011, Plaintiffs filed the instant Amended Verified Motion for Temporary Restraining Order (Dkt. 17), noted for August 5, 2011, and the Amended Verified Motion for Preliminary Injunction (Dkt. 18), noted for August 12, 2011. These motions are almost identical. *Id.* In them, Plaintiffs seek to enjoin the trustee's sale. *Id.*

Plaintiffs argue that they are likely to succeed on the merits of their claims because "Defendants allege they are right party to foreclose the security interest in subject property however the evidence does not support Defendant's claim." Dkts. 17, at 2-3 and 18, at 2-3. Plaintiffs assert that "Defendants are not named in the Deed of Trust or Note" and have "produced or display[ed] no valid enforceable perfected security interest in the subject property." Dkts. 17, at 3 and 18, at 3. Plaintiffs state that "it is self evident that none of the acts of MERS to appoint Cal-Western as successor trustee was not properly authorized or complies with the Washington [DTA] due to the invalidity of said appointment." *Id.* Plaintiffs further assert that "[i]t is self evident that the Defendant MERS acted as an unauthorized agent, arbitrarily and independent of its principal when it executed the said purported the Two (2) Assignments of Deed of Trust and Appointment of Successor Trustee." *Id.* Plaintiffs argue that MERS acted "without authority to appoint Cal-Western." *Id.* Plaintiffs move the Court to "find that Defendants have failed to materially comply with the DTA upon examination of the unauthorized signature of Theodore Schultz, Vice President of Aurora on behalf of MERS." *Id.*,

at 4. Plaintiffs note that to bring an action under the DTA, the DTA requires a bond which is to be based on "the sums which would be due on the obligation . . ." Dkts. 17, at 5 and 18, at 5. Plaintiffs argue that they "believe the obligation represented by the Note and Deed of Trust was never endorsed or transferred to the Defendants." *Id.*

Plaintiffs argue that they would be irreparably harmed if the trustee's sale is not restrained. *Id,* at 4. Plaintiffs further argue that the balance of equities tips in their favor and the relief requested is in the public interest. *Id.*, at 6.

## II. DISCUSSION

Plaintiffs request that the Court enjoin Cal-Western from conducting the trustee sale, which was apparently rescheduled from July 22, 2011, to August 5, 2011. Dkt. 17.

The basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008). The Ninth Circuit has recently held, that under *Winter*, where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff" a preliminary injunction can be issued, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-1135 (9th Cir. 2011).

Federal Rule of Civil Procedure 65(b)(1)(A) requires that plaintiff "show that immediate and irreparable injury or damage will result to the movant before the adverse party can be heard

in opposition."

Fed. R. Civ. P. 65(b)(1) provides as follows:

**(b) Temporary Restraining Order. (1) Issuing Without Notice**. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
    **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
    **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs' motion for a temporary restraining order (Dkt. 17) should be denied. Plaintiffs have failed to show that all Defendants in this action have received notice of this motion or have even been served with the Amended Complaint. They have not provided any reason, in writing, why notice of this motion should not be required. Plaintiffs have not shown that "immediate and irreparable injury, loss or damage will result" before all the Defendants can be heard in opposition, particularly where, as here, the date for the trustee's sale has already lapsed.

Further, Plaintiffs have failed to show that there are serious questions going to the merits of their claims or that the balance of equities tips sharply in their favor. *Alliance for the Wild Rockies*, at 1134-1135. First, to the extent Plaintiffs argue that MERS acted without "authority to appoint Cal-Western" as trustee, Plaintiffs have not shown they are likely to succeed on the merits of their claim. They offer no authority for their contention. Plaintiffs are merely attempting to state a legal conclusion, without any reasoning to support such a conclusion. This issue has been repeatedly raised and rejected by several courts in this district. *Rhodes v. HSBC Bank USA N.A.*, 2011 WL 3159100 (W.D. Wash. 2011); *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash. 2010); *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010). This Court agrees with the reasoning set forth in these cases. Further, as pointed out in *Rhodes*, in exchange for the loan on

their property, Plaintiffs signed the Note and Deed of Trust which provided underlying security for the obligation due under the note. Plaintiffs agreed that MERS had the authority to act as a beneficiary under the Deed of Trust – "such authority was explicitly granted by Plaintiffs upon execution of the instrument." *Rhodes,* at 4. In this case, Plaintiffs "specifically agreed to MERS' role as beneficiary under the Deed of Trust" they signed. *Id.*

Secondly, the balance of hardships do not tip sharply towards the Plaintiffs. *Alliance for the Wild Rockies*, at 1134-1135. Plaintiffs do not allege that Defendants erred in calculation of the payments made on their note, or that they have actually made the payments Defendants allege are past due pursuant to the note. They have not offered to tender the past due amounts or post a bond on "the sums that would be due on the obligation" as required under the DTA. RCW 61.24.130(1) (in order to restrain a trustee's sale under the DTA, the court shall require that the "applicant pay to the clerk of the court the sums that would be due on the obligation").

Lastly, Plaintiffs have not shown that issuance of an injunction here is in the public interest. It is not in the public interest to interfere with ordinary business matters in the absence of strict and complete showing of the justification for such interference. Accordingly, Plaintiffs' motion, requesting that the Court issue a temporary restraining order prohibiting the trustee sale that was scheduled for August 5, 2011, (Dkt. 17) should be denied.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiffs' Amended Verified Motion for Temporary Restraining Order (Dkt. 17) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of August, 2011.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge