UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| RONALD L. DOOMS, and BRENDA C. DOOMS, | CASE NO. C11-5419RJB |
|---|---|
| Plaintiffs, | ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED VERIFIED COMPLAINT |
| v. | |
| CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., and AURORA LOAN SERVICES, LLC, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss Amended Verified Complaint. Dkt. 38. The Court has considered the relevant documents and the remainder of the file herein.

Plaintiffs, acting *pro se*, seek to stop foreclosure on their home, asserting that Defendants violated various federal and state statutes. Dkt. 32. For the reasons set forth below, Defendants' Motion to Dismiss (Dkt. 38) should be granted and the case dismissed.

## I. FACTS AND PROCEDURAL HISTORY

**A. FACTS**

The dispute involves a note and deed of trust related to real property located in Pierce County, Washington, and a trustee's sale. Dkt. 32. Plaintiffs' motion for leave to amend their Complaint was granted on August 4, 2011. Dkt. 30. Plaintiffs' Amended Verified Complaint names as Defendants Cal-Western Reconveyance Corporation of Washington ("Cal-Western"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Aurora Loan Services LLC ("Aurora"). Dkt. 32. Plaintiffs' allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s, and the Washington Deed of Trust Act ("DTA"), RCW 61.24. *Id.* They also cite the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, on the first page of the Amended Verified Complaint. *Id*. Plaintiffs' "Count One" is entitled "material alterations of the promissory note," "Count Two" is entitled "erroneous default," "Count Three" is entitled "invalid debt" under the FDCPA against Cal-Western and Aurora, "Count Four" is entitled "erroneous reporting" under the FCRA against Aurora, "Count Five" is entitled "declaratory relief" against MERS, and "Count Six" is for "temporary and permanent injunctive relief." *Id.* The Amended Verified Complaint also seeks damages, costs, and attorneys' fees. *Id.*

According to the attachments to the Amended Verified Complaint, on or about July 12, 2006, Plaintiffs, "Borrowers," executed a Note and a Deed of Trust, (also called "Security Instrument" in the Deed of Trust) in favor of the "Lender," BNC Mortgage, Inc., for the purchase of residential property. Dkt. 32-1, at 7 and 32-2, at 40. The Deed of Trust names MERS as the "Beneficiary" under the instrument. Dkt. 32-1, at 7. First American Title Insurance Co. was

named as "Trustee." Dkt. 32-1, at 8.  Under the heading "Transfer of Rights in the Property," the Deed of Trust provides:

> The beneficiary of this Security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of the Borrowers, covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [] property.

Dkt. 32-1, at 10.  The Deed of Trust further provides that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by the Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee of lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property; and to take any action required of the Lender, including, but not limited to, releasing and canceling this Security Instrument.

Dkt. 32-1, at 9.  The Deed of Trust also states that the Note can be sold.  Dkt. 32-1, at 18.  The Deed of Trust provides that "[a] sale might result in a change in the entity (known as the "Loan Servicer") that collects periodic payments due under the Note and this Security Instrument and performs other servicing loan obligations under the Note, this Security Instrument and applicable law."  Dkt. 32-1, at 18.

The Plaintiffs acknowledge in their Amended Verified Complaint that "[o]n or about April 1, 2010 the Plaintiffs went into default."  Dkt. 32, at 7.  The Amended Verified Complaint includes additional attachments, including an "Appointment of Successor Trustee," dated June 30, 2010, where MERS appoints Cal-Western as Trustee under the Deed of Trust (Dkt. 32-1, at 40-41), a "Corporate Assignment of Deed of Trust," dated July 16, 2010, where MERS assigns its beneficial interest in the Deed of Trust and Note to Aurora (Dkt. 32-1, at 35), and a "Corporate Assignment of Deed of Trust," dated September 14, 2010 (purported to be "effective

1 date of 7/1/2010"), where MERS grants "the full benefit of all the powers and of all the

2 covenants and provisions" in the Deed of Trust, together with its beneficial interest in the Deed

3 of Trust to Aurora (Dkt. 32-1, at 38).

4     A "Notice of Default," was sent to Plaintiffs from Cal-Western. Dkt. 32-1, at 24. The

5 Notice of Default is dated January 26, 2011, and indicates that Plaintiffs were over $30,000

6 behind in their payments at that time. Dkt. 32-1, at 27. The Notice of Default indicates that

7 Aurora is the owner of the Note and the loan servicer. Dkt. 32-1, at 25. On March 3, 2011,

8 Plaintiffs allege that they received a Notice of Trustee's Sale from Cal-Western, setting the sale

9 date for June 10, 2011. Dkt. 32-2, at 3. Plaintiffs allege that on "April 1, 2011, Plaintiffs

10 received multiple answers to a FDCPA letter from Aurora sent to Cal-Western." Dkt. 32, at 9.

11 This case was filed June 1, 2011. Dkt 1.

12     **B**.     **PROCEDURAL FACTS**

13     On June 3, 2011, Plaintiffs filed a "Verified Motion for Temporary Retraining [sic] Order

14 (TRO) Emergency/ Ex Parte" (Dkt. 4) and "Verified Motion for Preliminary Injunction" (Dkt.

15 5), requesting that the Court prohibit Cal-Western from conducting the trustee sale scheduled for

16 June 10, 2011. Plaintiffs' motions were denied because Plaintiffs failed to make the required

17 showing for the relief sought. Dkt. 9. On July 18, 2011, Plaintiffs filed Amended Verified

18 Motion for Temporary Restraining Order (Dkt. 17) and the Amended Verified Motion for

19 Preliminary Injunction (Dkt. 18). These motions were almost identical, and in them, Plaintiffs

20 sought to enjoin the trustee's sale. *Id*. The motions were denied because Plaintiffs again failed

21 to make the required showing for injunctive relief. Dkts. 33 and 34.

C.     **PENDING MOTION**

Defendants now move to dismiss the Amended Verified Complaint, arguing that: 1) Plaintiffs' claim that Defendants materially altered the note is not a cognizable basis for relief, 2) the notice of default was issued pursuant to Aurora's valid beneficiary interest under the deed of trust, 3) Plaintiffs cannot establish a viable claim against Cal-Western and Aurora under the FDCPA, 4) Plaintiffs fail to allege sufficient facts to support their claim against Aurora under the FCRA, 5) Plaintiffs cannot establish the existence of an actual controversy entitling them to declaratory relief, and 6) Plaintiffs do not have a viable claim to support their claim for injunctive relief. Dkts. 38 and 41. In their Reply, Defendants also move the Court for an order canceling the Lis Pendens the Plaintiffs recorded and filed in this case (Dkt. 27). Dkt. 41.

Plaintiffs respond and argue, in essence, that this is primarily a FDCPA case with "supplementary" violations of the DTA. Dkt. 39. They assert that in order to collect on a debt, under the FDCPA, there must be evidence of an obligation and that there is no such evidence here. Dkt. 39. Plaintiffs argue that the recorded Deed of Trust does not name Aurora. *Id.* Plaintiffs argue that where a mortgage servicer obtains a loan in default, the FDCPA applies to the mortgage servicer. *Id.* (*citing Games v. Cavazas,* 737 F.Supp. 1368 (D. Del. 1990). Plaintiffs argue that the FDCPA applies because they were allegedly in default in April 2010. *Id.* Plaintiffs allege that they requested validation of the debt, "and the Defendants admit no validation has not been provided." *Id.,* at 3. Plaintiffs then assert that "[u]ntil the Defendants provide validation, the debt should be presumed to be invalid." *Id.* Plaintiffs assert that they can contest the alleged default under the DTA on "proper" grounds. *Id.* Plaintiffs assert that the "proper grounds" are "violations of the FDCPA and supplementary incurable defects in statutory

foreclosure process as alleged in the amended complaint." *Id.,* at 3-4.  Plaintiffs also assert that they "dispute the authenticity of the Note which the Defendant has not addressed." *Id.*

This opinion will address Defendants' motion to dismiss each of Plaintiffs' claims in order and then its motion to cancel the Lis Pendens.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950.  Secondly, "[w]hen

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

Further, when ruling on a motion to dismiss, the court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 955 (9th Cir. 2011)(*internal citations omitted*).

**B. MOTION TO DISMISS "COUNTS" ONE AND TWO**

Defendants move to dismiss "Count One," entitled "material alterations of the promissory note," and "Count Two," entitled "erroneous default," arguing Plaintiffs fail to identify a cause of action in order to make these cognizable claims. Dkt. 38. Plaintiffs do not meaningfully contest the Defendants' Motion to Dismiss these "counts," except in so far as these allegations – that are premised on the notion that MERS did not have the authority to appoint Cal-Western as the successor trustee or assign to Auruora its beneficial interest in the Deed of Trust and Note – are used to support Plaintiffs' claims under the FDCPA and the DTA. Plaintiffs offer no

authority for their contention that MERS was without authority to take these actions. Plaintiffs are merely attempting to state a legal conclusion, without any reasoning to support such a conclusion. This issue has been repeatedly raised and rejected by several courts in this district. *Rhodes v. HSBC Bank USA N.A.*, 2011 WL 3159100 (W.D. Wash. 2011); *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash. 2010); *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010). This Court agrees with the reasoning set forth in those cases. Further, as pointed out in *Rhodes*, in exchange for the loan on their property, Plaintiffs signed the Note and Deed of Trust which provided underlying security for the obligation due under the Note. Plaintiffs agreed in those documents that MERS had the authority to act as a beneficiary under the Deed of Trust – "such authority was explicitly granted by Plaintiffs upon execution of the instrument." *Rhodes,* at 4. In this case, Plaintiffs "specifically agreed to MERS' role as beneficiary under the Deed of Trust" they signed and agreed that MERS could assign its' interests, in whole or in part, and that the Note could be sold. *Id*. Plaintiffs fail to allege a "cognizable legal theory" under which they would be entitled to relief under these "counts." *Balistreri,* at 699. Accordingly, "counts" one and two should be dismissed.

**C. MOTION TO DISMISS "COUNT" THREE - FDCPA**

Congress passed the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In addition to prohibiting abusive practices, *e.g*. 15 U.S.C. § 1692(d-f), the FDCPA requires "validation" of debts as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (a).

Defendants move to dismiss "Count Three" the claim for "invalid debt" under the FDCPA against Cal-Western and Aurora. Dkt. 38. Plaintiffs allege that Cal-Western and Aurora violated the FDCPA by failing to "verify the alleged debt." Dkt. 32, at 16. Plaintiffs state they receive three letters from Aurora and none from Cal-Western. *Id.* Defendants argue that Cal-Western and Aurora are not debt collectors under the FDCPA, and that, even if they were, Plaintiff has not alleged sufficient facts to show that either have violated the FDCPA. Dkt. 38.

Assuming, without finding, that Aurora and Cal-Western were "debt collectors" under the FDCPA, Plaintiffs' claims against them should be dismissed. Plaintiff has failed to allege sufficient facts that Aurora or Cal-Western violated the FDCPA. Plaintiffs allege in their Amended Verified Complaint that they "requested verification of the debt within thirty days of

receipt of the purported Notice of Trustee's Sale however no verification has been received to date." Dkt. 32, at 16. Plaintiffs' Amended Verified Complaint then acknowledges that Plaintiffs received at least three letters from Aurora, in response to Plaintiffs' "FDCPA letters," one of which was originally directed to Cal-Western. Dkt. 32, at 9-11. Plaintiffs state that these letters were sent on April 1, 2011, April 11, 2011, and July 1, 2011, and are attached to the Amended Verified Complaint. *Id.* Plaintiff fails to allege any facts showing that these letters violated the FDCPA. For example, the April 1, 2011, letter from Aurora states that:

> Upon receipt of a written inquiry, we are required to send you the enclosed Customer Account Activity Statement and a copy of your original Promissory Note pertaining to the above-referenced loan. A response to your inquiry will be sent under separate cover.
>
> The following amounts represent the status of your loan as of the date of this letter. These amounts do not reflect any activity after this date.
>
> Your loan is due for the April 01, 2010 payment.
> Your unpaid principal balance is $218,482.18.
> Your suspense or holding account balance is $1,381.09.
> Your escrow account balance is -$ 2,302.39.
> There is currently $12.09 collected monthly for an escrow shortage.
> Your loan is currently due for the April 01, 2010 payment.

Dkt. 32-3, at 2-3. In this letter Aurora states that it is the servicer of the loan and the owner is "U.S. Bank National Association as Trustee for BNC Mortgage Loan Trust 2006-1 Mortgage Pass-Through Certificates, Series 2006-1," and includes an address for Aurora and the owner. *Id.* The letter included "Customer Account Activity Statement" and a copy of the original note. *Id.,* at 4-11. Plaintiffs' "formulaic recitation," that no "verification" has been received, is merely a legal conclusion without supporting facts (particularly in light of the attachments to the Amended Verified Complaint) and "will not do." *Twombly*, at 555. Further, upon de novo review, "the complaint could not be saved by any amendment" in regard to these claims based on the attachments thereto. *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

Defendants' motion to dismiss Plaintiffs' claims under the FDCPA should be granted and the claims dismissed with prejudice.

### D.  MOTION TO DISMISS "COUNT" FOUR – FCRA

The FCRA, "was prefaced with a congressional finding that 'unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system.'" *Nelson v. Chase Manhattan Mortgage Corp*., 282 F.3d 1057, 1058–59 (9th Cir.2002)(*quoting* 15 U.S.C. § 1681(a)(1)). Under the FCRA, there is no private cause of action under 15 U.S.C. § 1681s–2(a). *Id*., at 1059–60.

Plaintiffs' claim against Aurora under the FCRA should be dismissed.  Plaintiffs have failed to allege a legal theory under which they would be entitled to relief.  Further, even if they were able to show that they had a private cause of action under the FCRA, they have failed to allege facts "plausibly suggestive of a claim entitling the pleader to relief." *Moss,* at 969. Plaintiffs' complaint alleges that Aurora violated the FCRA, citing 15 U.S.C. § 1681, "by erroneously reporting the obligation of 'Fremont Investment and Loan' as if it were the obligation of the Plaintiff's [sic]." Dkt. 32, at 17.  This allegation is insufficient.  To the extent that it is asserting a claim under 1681s-2(a), there is no private right of action.  Plaintiffs' further state in their Complaint that they notified Aurora and the credit reporting companies to "no avail." Dkt. 33, at 17. This allegation, standing alone is insufficient to determine if Plaintiffs are making a claim under some other provision of the statute.  Further, Plaintiffs do not meaningfully dispute Defendants' motion to dismiss this claim.  Defendants' motion to dismiss "Count Four" – for under the FCRA asserted against Aurora should be granted.

### E.  MOTION TO DISMISS "COUNTS" FIVE AND SIX

*1.  Count Five – Declaratory Relief*

To establish a claim for declaratory relief, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993). Unless an actual controversy exists, the district court is without power to grant declaratory relief. *See Daines v. Alcatel, S.A.*, 105 F. Supp. 2d 1153, 1155 (E.D. Wa. 2000) (quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir. 1956)). As discussed above, Plaintiffs' contentions regarding the assignment by MERS to Cal-Western and Aurora are without merit. Moreover, they have offered no other allegations demonstrating the existence of a "substantial controversy." Accordingly, they have not stated a claim for declaratory relief.

   *2. Count Six – Injunctive Relief*

Plaintiffs request that the Court enjoin the trustee's sale, pursuant to the DTA, RCW 61.24.130. The claims Plaintiffs allege in their Amended Verified Complaint are without merit. Further, RCW 61.24.130 requires a plaintiff seeking to enjoin a Trustee's sale to pay to the clerk of the court the sums that would be due on the obligation if the deed of trust were not being foreclosed. *See* RCW 61.24.130(a). Plaintiffs do not allege that they have made or are capable of making those payments. For these reasons, Plaintiffs are not entitled to injunctive relief.

**F. MOTION TO CANCEL THE LIS PENDENS**

Under RCW 4.28.325, "Lis Pendens in Actions in United States District Courts Affecting Title to Real Estate," "[i]n an action in a United States district court . . . affecting the title to real property in the state of Washington after an action affecting title to real property has been commenced . . . the plaintiff . . . [or] a defendant . . . may file with the auditor of each county in which the property is situated a notice of the pendency of the action." Further, RCW 4.28.325 provides that,

> [T]he court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded, and such cancellation shall be evidenced by the recording of the court order.

Defendants' motion for an order to the county auditor to cancel the lis pendens (Dkt. 41) should be renoted to December 2, 2011. The motion was made in the Reply, and so Plaintiffs have not responded. In the interest of giving Plaintiffs notice and an opportunity to be heard, this motion (Dkt. 41) should be renoted. Plaintiffs' response to the motion to cancel the lis pendens, if any, should be filed by November 28, 2011, and Defendants' reply, if any, should be filed by December 2, 2011.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss Amended Verified Complaint (Dkt. 38) **IS GRANTED** and Plaintiffs' claims **ARE DISMISSED;**
- Defendants' motion to cancel the lis pendens (Dkt. 41) **IS RENOTED** to **December 2, 2011**,
  - Plaintiffs' response, if any, to the motion to cancel the lis pendens is to be filed by **November 28, 2011**, and
  - Defendants' reply, if any, is to be filed by **December 2, 2011**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of November, 2011.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge